**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES M. TRUHETT; CONNIE TRUHETT;                                    PLAINTIFFS
DAVID T. SHIPMAN; DANIEL L. SIMS;
GEORGE W. THOMAS; BENNY R. TAYLOR;
WILLIE J. STEPHENS; MAJOR V. NELSON;
and THOMAS M. FLEMMING

v.                                NO. 5:12CV00185 JLH

UNION PACIFIC RAILROAD COMPANY                                        DEFENDANT

**ORDER**

The plaintiffs bring this action pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, alleging that they were exposed to asbestos while employed by Union Pacific Railroad Company and, as a result, have developed an asbestos-related lung disease. Union Pacific has filed a motion to sever the claims of the individual plaintiffs. Union Pacific argues that the plaintiffs' claims are not properly joined under Rule 20 of the Federal Rules of Civil Procedure, so the Court should sever them pursuant to Rule 21. In the alternative, Union Pacific argues that the Court should order a separate trial for each plaintiff pursuant to Rule 42(b).

Rule 20(a)(1) provides that persons may join in one action as plaintiffs if (1) they assert any right to relief arising out of the same transaction, occurrence, or series of transactions and occurrences, and (2) any question of law and fact common to all of the plaintiffs will arise in the action. All of the plaintiffs were carmen for Union Pacific. All of the plaintiffs have been diagnosed as having an asbestos-related lung disease. All of them allege that they were exposed to asbestos while they worked for Union Pacific.

The Supreme Court has explained:

> Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.

*United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966). Nevertheless, permissive joinder is not unlimited. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Permissive joinder under Rule 20 requires that the parties assert a right to relief by or against each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and some question of law and fact common to all of the parties must arise in the action. *Id*. The courts generally apply a case-by-case analysis in determining whether the claims arise out of the same transaction or occurrence or series of transactions or occurrences. *Id*. "Absolute identity of all events is unnecessary." *Id*. The standard is flexible "to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 1653 (3d ed. 2001).

      Here, each of the plaintiffs alleges that he was employed by Union Pacific for a long period of time during which he was exposed to asbestos and as a result of which he developed an asbestos-related lung disease. Each plaintiff alleges that he suffered injury as a result of the same set of negligent acts and omissions. Each of the plaintiffs' claims therefore arise out of the same series of occurrences. There will be common questions of law and fact in all of the claims. Thus, the claims are properly joined under Rule 20.

      Union Pacific argues, in the alternative, that the Court should order separate trials for each of the plaintiffs pursuant to Rule 42(b). That rule provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

The party seeking separate trials has the burden of showing that separate trials will promote

convenience, expedite the proceedings, or avoid unfair prejudice.  *Higgins v. Dankiw*, No. 8:08CV15, 2009 WL 764555, at *4 (D. Neb. March 20, 2009).  In deciding a motion for separate trials, "a court should consider the interests of judicial economy and avoiding confusion." *Koch Fuels v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983).

The plaintiffs have provided the following chart describing their job titles and years during which they worked:

| Name | Job Title | Years Worked | Diagnosing Physician |
|---|---|---|---|
| James M. Truhett | Carman | 1963-2003 | Christopher L. John, M.D. |
| Connie Truhett | Carman | 1974-1995 | Christopher L. John, M.D. |
| David T. Shipman | Carman | 1972-1996 | Christopher L. John, M.D. |
| Daniel L. Sims | Carman | 1967-1999 | Christopher L. John, M.D. |
| George W. Thomas | Carman | 1971-2005 | Christopher L. John, M.D. |
| Benny R. Taylor | Carman | 1963-2002 | Christopher L. John, M.D. |
| Willie J. Stephens | Carman | 1970-1996 | Christopher L. John, M.D. |
| Major V. Nelson | Carman | 1972-2001 | Christopher L. John, M.D. |
| Thomas M. Flemming | Carman | 1977-1999 | Christopher L. John, M.D. |

The Court has concluded that the tenures of these nine plaintiffs can reasonably be divided into three groups for trial.  Two of the plaintiffs worked during almost exactly the same time: James M. Truhett and Benny R. Taylor.  Truhett worked as a carman for forty years, while Taylor worked as a carman for thirty-nine years.  In contrast, five of the plaintiffs worked as carmen for less than thirty years.  Connie Truhett worked as a carman for twenty-one years, David T. Shipman for twenty-four years, Willie J. Stephens for twenty-six years, Major V. Nelson for twenty-nine years, and Thomas M. Flemming for twenty-two years.  The last two plaintiffs worked thirty-two and thirty-four years.  Daniel L. Sims worked as a carman for thirty-two years, while George W. Thomas did so for thirty-four years.  Major V. Nelson's tenure is very close to that of Thomas and Sims, so his case will be tried with theirs.  The Court has concluded that dividing the plaintiffs into three groups for separate trials will promote convenience and expedite the proceedings, while avoiding confusion

and unfair prejudice inasmuch as the plaintiffs within each group are likely to have had similar exposure to asbestos.

Union Pacific says in its brief that Thomas M. Flemming worked for Missouri Pacific Railroad in North Little Rock, while the other plaintiffs worked for St. Louis and Southwestern Railway Company/Cotton Belt Railroad/Southern Pacific Railroad Company in Pine Bluff.  Union Pacific has not presented information as to when these predecessor railroads merged with Union Pacific, so the Court is left in the dark as to when Union Pacific became each plaintiff's employer.[1] Nor has Union Pacific presented evidence that the equipment used by the different railroads had different levels of asbestos, or whether the railroads had different policies relating to asbestos.  Thus, Union Pacific has not met its burden of showing that this difference justifies trying Flemming separately.

Union Pacific's motion is therefore GRANTED IN PART and DENIED IN PART.  Document #6.  The motion to sever is denied.  The motion for separate trials is granted in part.  The plaintiffs will be divided into three groups for trial.  James M. Truhett and Benny R. Taylor will be tried together; Connie Truhett, Daniel L. Sims, Willie J. Stephens, and Thomas M. Flemming will be tried together; and David T. Shipman, Major V. Nelson, and George W. Thomas will be tried together.

IT IS SO ORDERED this 25th day of July, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs have presented a page from Union Pacific's website saying that Union Pacific acquired Missouri Pacific in 1982, and the Southern Pacific/Cotton Belt in 1996.